FLORENCE T. NAKAKUNI   #2286
United States Attorney
District of Hawaii

MARGARET C. NAMMAR    #9045
JILL OTAKE        #10442
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile:  (808) 541-2958
Email: Margaret.Nammar@usdoj.gov
Email: Jill.A.Otake@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00207 SOM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTION IN |
| vs. | ) | LIMINE; CERTIFICATE OF |
| | ) | SERVICE |
| | ) | |
| WILLIAM CLARK TURNER, | ) | |
| | ) | TRIAL:   February 7, 2017 |
| Defendant. | ) | JUDGE:   Hon. Susan Oki Mollway |
| _____ | ) | |

GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through its attorneys, Florence T. Nakakuni, United States Attorney, and undersigned counsel, hereby submits this Motion in Limine in the above-captioned matter.

I. INTRODUCTION

The government hereby moves the Court to exclude any mention at trial of Defendant William Clark Turner's offer to take a polygraph examination in the course of the investigation into the crimes charged. Such evidence is inadmissible under Fed. R. Evid. Rules 403 and 802.

II. PROFFER OF FACTS

Defendant is charged with three counts. Count 1 alleges the crime of Interference with Flight Crew Members and Attendants, a violation of Title 49, United States Code, Section 46504. Counts 2 and 3 both allege the crime of Simple Assault, violations of Title 18, United States Code, Section 113(a)(5). Regarding Count 2, the government anticipates proving at trial that Defendant spit in the face of another passenger on the flight – C.M.

In the course of investigating the matter, Federal Bureau of Investigation Special Agent J.D. Rudow conducted an interview of Defendant on March 14, 2016, shortly after the flight he disrupted landed on Maui, in a conference room at the Kahului Airport. After Defendant waived his rights, Defendant made several statements, including a claim that R.A., the victim charged in Count 3, blew in his face. He stated that he responded by telling the woman, "If you blow in my face again, I am going to break your neck." Defendant denied spitting in C.M.'s face.

He then offered to take a polygraph about whether he did so. Special Agent Rudow did not administer a polygraph examination to Defendant.

### III.   ARGUMENT

A. Defendant's offer to take a polygraph should be excluded from trial, including from the cross-examination of any witnesses and during Defendant's testimony.

The government anticipates that Defendant may attempt to cross-examine Special Agent Rudow by raising the fact that Defendant offered to take a polygraph examination regarding whether he had spit on C.M. However, any mention of the offer should be excluded based on Rule 403.

Rule 403 excludes from trial relevant evidence the probative value for which is substantially outweighed by the risk of, among other things, "unfair prejudice, confusing the issues, [and] misleading the jury." "It is well-settled in [the Ninth] [C]ircuit that polygraph evidence is disfavored and cannot be introduced into evidence to establish the truth of the statements made during the examination." *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) (citation omitted).

In *Bowen*, the Ninth Circuit explained that polygraph evidence may be admissible if it is an "operative fact," and that such evidence amounts to an operative fact "[i]f the polygraph evidence is being introduced because it is relevant that a polygraph examination was given, regardless of the result[.]" *Id*. (Citation omitted). Nonetheless, the Ninth Circuit cautioned, even if admitted

3

solely for the purpose of establishing an operative fact, the evidence must still be evaluated under Rule 403. *Id.*

At trial, Defendant is likely to argue that the reason he offered to take the polygraph is because he did not commit the assault charged in Count 2. However, because of the inherent unreliability of polygraph tests, *see United States v. Sheffer*, 523 U.S. 303, 309 (1998), defense should be precluded from raising the matter at all. Mentioning the polygraph would undoubtedly confuse and mislead the jury into believing that Defendant could have passed the polygraph and that he therefore must not be guilty of Count 2. However, this conclusion is based on the incorrect assumption that polygraphs are reliable and that the results would be admissible in Court. Thus, the defense would attempt to introduce the evidence "to establish the truth of the statements" that would have been made during the examination – the very reason why polygraph evidence is excluded under Rule 403. *See Id.*

Moreover, Defendant's statement that he was willing to take the polygraph is self-serving hearsay and therefore inadmissible. *See United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1999) (explaining that the hearsay rule forbids defense counsel from presenting a defendant's denial unless the defendant testifies); *United States v. Quansah*, 171 Fed. Appx. 51, 52 (9th Cir. 2006) (unpublished) (citing Fed. R. Evid. 802) ("Self-serving statements are not exempted from the hearsay

4

rule by Federal Rule of Evidence 801(d)(2)(A) or any other exemption or exception, and are thus inadmissible hearsay."). As such, he is precluded from introducing it through the cross-examination of Special Agent Rudow.

Should Defendant testify, the government maintains that the statement should be excluded from his testimony under Rule 403 for the reasons stated above.

## IV.   CONCLUSION

For the foregoing reasons, Defendant should be precluded from mentioning his offer to take a polygraph exam, during any stage of the trial.

DATED:   January 18, 2017, at Honolulu, Hawaii.

    Respectfully submitted,

    FLORENCE T. NAKAKUNI
    United States Attorney
    District of Hawaii

    By: /s/ Margaret C. Nammar
        MARGARET C. NAMMAR
        JILL OTAKE
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically by CM/ECF</u>:

Benjamin Ignacio, Esq.                   benignacio@hawaii.rr.com
Attorney for Defendant
WILLIAM CLARK TURNER

Dated: January 18, 2017, at Honolulu, Hawaii.

/s/ Margaret C. Nammar
Assistant U.S. Attorney
District of Hawaii